IN THE IOWA DISTRICT COURT IN AND FOR LINN COUNTY

| | |
|---|---|
| SHERIN L. EASTERDAY;<br><br>Plaintiff,<br><br>vs.<br><br>WHIRLPOOL CORPORATION, AND RICK RAUE, an individual;<br><br>Defendants. | LAW NO: _____<br><br>**PETITION AT LAW AND JURY DEMAND** |

COMES NOW the Plaintiff, Sherin L. Easterday, and in support of her cause of action against the above-named Defendants, does hereby state as follows:

## JURISDICTIONAL FACTS

1. That Plaintiff Sherin L. Easterday, at all material times hereto, was an individual residing at 4958 Autumn Drive, Cedar Rapids, Linn County, Iowa.

2. That Defendant Whirlpool Corporation is a nationally based corporation, with its home office located at 2000 N M-63, Benton Harbor, MI. Defendant Whirlpool Corporation has its registered agent located at 505 5th Avenue, Suite 729 in Des Moines, IA. Defendant Whirlpool Corporation has numerous factories and locations across the country, with one such location at 2800 220th Trail, Middle Amana, Iowa County, Iowa.

3. That Defendant Rick Raue, at all material times hereto, was an employee for Defendant Whirlpool Corporation. Raue worked in a supervisory role at Whirlpool Corporation, and he was Plaintiff Sherin Easterday's supervisor. His last known home address is 359 Saint Olaf Street SW, Cedar Rapids, Linn County, Iowa.

4. That the amount in controversy exceeds the requirements of Small Claims Court, thereby making the Linn County District Court of Iowa the proper venue for bringing this action.

## **THE FACTS**

5. That Plaintiff Sherin Easterday was hired on May 24, 2016 by The PIC Group, Inc., to work as a Quality Inspector at various locations. The PIC Group recruits and provides employment staffing to a variety of employers in business and industry. Plaintiff Sherin Easterday was given job assignments and where she reported to work depended on where The PIC Group, Inc. assigned her.

6. That during the months of May, June, July and August of 2016, Plaintiff Sherin Easterday was assigned to work for the Defendant Whirlpool Corporation, working at both the North Liberty and Middle Amana, Iowa locations. Whirlpool's Amana location manufactures refrigerators and ice makers.

7. That during the period of time Plaintiff Sherin Easterday worked at one or both of the Whrilpool locations, both PIC Group and Whirlpool Corporation directed her work and she considered herself to be employed by both entities.

8. That while working for the Whirlpool Corporation at either its North Liberty or Middle Amana locations, Rick Raue, her Whirlpool supervisor, directed her work. It was through Rick Raue that Plaintiff Sherin Easterday was assigned certain work responsibilities for that day. Rick Raue would provide her with whatever product she would be working on that day and he would set her up with what she needed to do with that particular product and would show her how to do whatever checks or other duties she needed to do that day. Any questions that she had concerning the work assigned were directed to her Whirlpool supervisor, Rick Raue, rather than to her PIC supervisors, because Rick Raue was more familiar with the Whirlpool products and what specifically Whirlpool wanted done with regard to those products. Rick Raue would also make sure she had adequate product to work on by bringing her more product when she was close to completing each batch of product.

9. Plaintiff Sherin Easterday considered Rick Raue to be her Whirlpool supervisor and nobody from Whirlpool ever gave her any reason to believe Rick Raue was not her supervisor. He directed her work at both the North Liberty and Middle Amana locations. Further, it did not matter whether she was working in Building 53 or the Lab at the North Liberty location—it was always Rick Raue who directed her work and answered all of her questions.

10. In addition, Plaintiff witnessed Rick Raue tell her PIC supervisor Noble that he did not want a particular PIC worker working in Building 53 at the North Liberty location and, as the result of Raue's objection, that employee was reassigned to a different location.

11. At all times during her employment at the Whirlpool locations, based upon the amount of control that Rick Raue exercised over her work, Plaintiff believed he had the authority to recommend her termination to her PIC supervisors. Even though she respected her PIC supervisors and followed their direction in conjunction with her Whirlpool assignment, Plaintiff Sherin Easterday considered Rick Raue to be the person she ultimately answered to because he was consistently directed and critiquing her work.

12. On some occasions, Plaintiff Sherin Easterday observed her PIC supervisors, Cathy Noble and Erin Krewson, go directly to Rick Raue for input on how to perform a particular, a fact that made her believe that Rick Raue also had supervisory authority over her PIC supervisors.

13. That when she was assigned to work at the Middle Amana location, Plaintiff Sherin Easterday reported to three different supervisors. Her PIC Group supervisors were manager Cathy Noble, and assistant manager Erin Krewson. Easterday's Whirlpool manager was Defendant Rick Raue.

14. That during her assignments at the Whirlpool Corporation's Amana location, Plaintiff Sherin Easterday worked in the presence of Defendant Rick Raue approximately four hours per day.

15. That starting in May 2016, Plaintiff Sherin Easterday began receiving unwanted, annoying and harassing sexual remarks from Defendant Rick Raue. One of the earliest remarks from Raue occurred after Plaintiff Easterday asked Raue if she had all of the equipment she needed that day. Defendant Raue looked her up and down and said "Honey, you have everything you need." Easterday did not say anything in response to that statement.

16. That sometime in May 2016, Defendant Rick Raue made a comment to Plaintiff Sherin Easterday about "the way she looked." Easterday did not look at Raue, but she kept working and did not make any response. However, a fellow PIC Group co-worker, Quality Inspector Tony Melton stepped in and told Raue that what he said was inappropriate.

17. That Plaintiff Sherin Easterday did not report either incident to the PIC Group or the Defendant Whirlpool Corporation as she was a new employee and she liked her new job and did not want to do anything that would jeopardize her employment at the Whirlpool location.

18. That over the next few weeks, Plaintiff Sherin Easterday heard multiple comments from Defendant Rick Raue made to other employees that she considered to be inappropriate work conversations. These conversations often involved Raue making comments about female employees wearing tight clothing or asking them what they had done over the weekend. Most of the women ignored Raue but some would joke along with him.

4

19. That on September 12, 2016, Plaintiff Sherin Easterday provided Cathy Noble with two weeks' notice of Easterday's intention to leave PIC Group's employment. It was Easterday's intent to finish her medical administration education. Noble replied that Easterday was welcome to come back if Easterday ever wanted to return in the future and in fact, prior to the sexually harassing conduct of Rick Raue on September 15, 2016 she had made the decision to remain in her employment rather than return to school because she did not want to be without a paycheck.

20. That on September 15, 2016, Plaintiff Sherin Easterday was assigned to work taping harnesses for icemakers at the Defendant Whirlpool Corporation Middle Amana location.

21. That in her work area, there were two other PIC group employees, working on the other side of a partition. Easterday was the only employee working on her side of the partition. Due to the noise level in the work area, the only way to communicate with others was by shouting.

22. That on the morning of September 15, 2016, Defendant Rick Raue brought a pallet of harnesses for Plaintiff Sherin Easterday to work on. He also showed her what needed to be done with the harnesses, direction that was normal when she began working on a new or different item.

23. That around 1:00 pm on September 15, 2016, Defendant Rick Raue returned to Plaintiff Sherin Easterday's work location with more products to work on.

24. That one of the workers on the other side of the partition asked Defendant Rick Raue if he chewed tobacco and he said no. Plaintiff Sherin Easterday jokingly shouted that she did. They all laughed and one of them asked for a "dip", which is a slang reference taking a pinch of tobacco from a tin and placing the tobacco in one's mouth.

5

25. That soon afterwards, Plaintiff Sherin Easterday, while seated at her workstation working on harnesses, Defendant Rick Raue came up to her and stood next to her on her left side. He grabbed his belt buckle and pants, pulled at them stating, "If you want something to chew on, here it is."

26. That Plaintiff Sherin Easterday did not say anything or look directly at Defendant Rick Raue. He then said, "It's OK Sherin. I know how you are." Easterday replied, "No, it's not OK." It is not known if anyone else in the work area heard this conversation.

27. That shortly after this incident, Plaintiff Sherin Easterday called and texted Cathy Noble immediately, because Easterday had left for the day. Erin Krewson responded and asked was what going on. After telling Krewson what had transpired, Krewson told her to come to her office.

28. That co-worker Tony Melton did not witness the incident, but Melton heard Plaintiff Sherin Easterday yell something from the other side of the partition separating them. Melton asked Easterday what happened, and Melton responded, "Yeah, he's known for that, unfortunately." Melton told Easterday she should go talk to Noble and Krewson.

29. That Plaintiff Sherin Easterday reported to Erin Krewson's office and gave Krewson a written statement of the incident events.

30. That in a series of meetings that day, Plaintiff Sherin Easterday, Defendant Rick Raue and employee Tony Melton all gave their versions of the incident. Raue apologized to Easterday for his comment, stating that he meant nothing by it. Raue also admitted that he was the only person involved. Cathy Noble attended those meetings by phone.

6

31. That Plaintiff Sherin Easterday left the work site early on September 15, 2016, which was a Thursday, with Cathy Noble's permission.

32. That Plaintiff Sherin Easterday initially stated she would return to work on Monday, September 18, 2016. However, after sleeping on it, Plaintiff Sherin Easterday decided she could not bear to work with Raue again. At 11:16 am on September 16, 2016, Easterday texted Noble, "I will NOT be coming in next week."

33. That Plaintiff Sherin Easterday never returned to work at Defendant Whirlpool Corporation.

34. That Plaintiff Sherin Easterday made the decision to not return to her employment with PIC and Whirlpool because she did not believe she could emotionally handle again working with and around Defendant Rick Raue.

35. The claim of Plaintiff Sherin Easterday arises out of the illegal sexual harassment during her employment at Whirlpool Corporation. Specifically, it was the sexually charged hostile work environment that existed in her employment at Whirlpool Corporation.

36. That on May 24, 2017, within three hundred (300) days of the acts for which the Plaintiff complains, Sherin Easterday filed charges of employment discrimination in the nature of sexual harassment and retaliation against Defendants with the Iowa Civil Rights Commission.

37. That on or about October 18, 2018, within ninety (90) days prior to the filing of this petition at law and jury demand, the Iowa Civil Rights Commission issued an administrative release (right-to-sue) with respect to Plaintiff's charges of discrimination.

38. That the amount in controversy is above the threshold requirements for Small Claims Court, thereby making the Linn County District Court of Iowa the proper court and venue for this action.

## COUNT I
## (SEXUAL HARRASSMENT IN VIOLATION OF IOWA CODE SECTION 216.6)

COMES NOW the Plaintiff, Sherin Easterday, and in support of Count I of her cause of action against the above-named Defendants, does hereby state as follows:

1. That Plaintiff repeats and realleges each and every material allegation set forth in Paragraphs 1 through 4 of the Jurisdictional Facts and incorporates the same by reference herein.

2. That Plaintiff repeats and realleges each and every material allegation set forth in Paragraphs 5 through 38 of The Facts and incorporates the same by reference herein.

3. That prior to the forced resignation from employment of Plaintiff Sherin Easterday from her employment at Defendant Whirlpool Corporation, Plaintiff Sherin Easterday was repeatedly exposed to unwanted sexual harassment which included sexually charged conversations by Defendant Rick Raue.

4. That Plaintiff Sherin Easterday was harmed by the illegal and unwanted sexual harassment which included sexually charged conversations and gestures, including unwanted touching by Defendant Rick Raue, and she does hereby seek recovery for the following harms and loss by reason of his illegal conduct:

    a. Past lost wages;

    b. Future lost wages;

    c. Past loss of fringe benefits;

    d. Future loss of fringe benefits;

    e. Past emotional distress and mental anguish;

    f. Future emotional distress and mental anguish;

      g. Past harm to reputation;

      h. Future harm to reputation;

      i. Attorney fees;

      j. Any other recoverable element of loss recognized by Iowa law but not specifically set forth herein.

WHEREFORE, Plaintiff Sherin Easterday does hereby seek judgment from all Defendants named herein in an amount which would reasonably compensate her for her harms and losses, together with interest thereon at the maximum legal rate plus the cost of this action.

## **JURY DEMAND**

The above-named DEFENDANTS are hereby notified that the PLAINTIFF does hereby demand trial by jury on all issues presented in the Petition at Law.

        HUMPHREY LAW FIRM, P.C.

By:  /s/ Marc A. Humphrey
     Marc A. Humphrey    AT0003843
     300 Walnut Street, Suite 5
     Des Moines, IA 50309
     Telephone: (515) 331-3510
     Fax: (515) 282-0318
     Email: mhumphrey@humphreylaw.com

## RETURN OF SERVICE

RE: Sherin L. Easterday vs. Whirlpool Corporation, and Rick Raue

COUNTY Linn    CASE NUMBER LACV091946

STATE OF IOWA  )
               ) SS:
COUNTY OF POLK )

I HEREBY CERTIFY AND MAKE RETURN THAT I RECEIVED THE FOLLOWING DOCUMENTS ON THE 18 DAY OF January 2019, AND I SERVED THE WITHIN NAMED Whirlpool Corporation

ON THE 18 DAY OF January 2019, AT 11:15 AM, BY PERSONALLY SERVING A COPY OF THE FOLLOWING DOCUMENTS:

Original Notice
Petition at Law and Jury Demand

TO: Vicki Reed @ Reg. Agent. Corporation Service Company
AT: 505 5th Ave Suite #729 Des Moines, IA.
SERVICE FEE $ 70.00

_Edward J. Oakie_
EDWARD J. OAKIE
LAWYER SERVICES
P.O. BOX 755
ANKENY, IOWA 50021

SWORN AND SUBSCRIBED BEFORE ME THIS 18 DAY OF January 2019

_Mary L. Hermann_
NOTARY PUBLIC

MARY L. HERMANN
COMMISSION NO. 152732
MY COMMISSION EXPIRES
JANUARY 17, 2020

Atty. / Client: __Marc Humphrey__
Firm / Address: _____
Case No. __LACV091946__
Notice Recd this date _____

in the District Court, for Linn County

State of Iowa

Linn County

Return of Service:
- ✓ Personal
- ___ Dwelling /Substitute
- ___ Hotel /Boarding /Rooming House
- ___ Corporation /Association
- ___ Official (State, County, City)
- ___ Spouse away form residence
- ___ Other _____
- ___ Diligent Search (not served)
- ___ Mailed both Regular and Certified

Type of Service code
1
2
3
4
5
6
7
8
9

I Certify that I (served) (~~attempted to serve~~) a copy of:

- ✓ Petition and Original Notice
- ☐ Modification /Application and Notice
- ☐ Order to Show Cause

- ☐ Order Filed _____
- ☐ Writ _____
- ☐ Other _____
- ☐ Subpoena _____

__Rick Raue__ (Name) at __359 St Olaf St SW__ (Address) __Cedar Rapids, Ia__ on __1-26-19__ (Date) Type Code __1__

_____ (Name) By serving _____ (Name) on _____ (Date)

_____ (Address), (a person residing therein who was then at least 18 years old), or (spouse away from residence).

_____ (Company / Government Unit Name) by serving _____ (Name)

_____ it's (Title) on _____ (Date), at _____ (Address)

By: __BJ Brandt__

Subscribed in my presence and Sworn to before me by the affiant __BJ Brandt__, this __24__ day of __Jan__ 20__19__

Fees:
Process __40__
Mileage _____
Total __40__

MARY BERGAN
Commission Number 725367
My Commission Expires
November 4, 2021
(Notary Seal)

__Mary Bergan__ Notary Public
my commission expires: __11/4/2021__

Service Attempts
Date
Time
__1-26__
__1555__